13-4621-cv
*Trustees of N.Y.C. Dist. v. Integrated Structures Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT:   DENNY CHIN,
               SUSAN L. CARNEY,
                      *Circuit Judges*,
               ROBERT W. SWEET,
                      *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

TRUSTEES OF THE NEW CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, WELFARE FUND,
ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN
RETRAINING EDUCATIONAL AND INDUSTRY FUND,
CHARITY FUND, NEW YORK CITY AND VICINITY
CARPENTERS LABOR-MANAGEMENT COOPERATION
FUND, DISTRICT COUNCIL FOR NEW YORK CITY
AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

                      *Plaintiffs-Appellees*,

               v.                                                    13-4621-cv

---

*          The Honorable Robert W. Sweet, of the United States District Court for the Southern District of New York, sitting by designation.

INTEGRATED STRUCTURES CORP.,

                *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFFS-APPELLEES:        Michael Bauman, Richard B. Epstein, and Charles R. Virginia, Virginia & Ambinder, LLP, New York, New York.

FOR DEFENDANT-APPELLANT:        Alan B. Pearl, William M. Brown, and Brian J. Shenker, Alan B. Pearl & Associates, P.C., Syosset, New York.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Defendant-appellant Integrated Structures Corp. ("Integrated") appeals from the judgment of the district court filed November 21, 2013. By Opinion and Order dated November 12, 2013, the district court granted summary judgment to plaintiffs-appellees Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining Educational and Industry Fund, Trustees of the New York City District Council of Carpenters Charity Fund (the "Funds"), and the District Council for New York City and Vicinity, United Brotherhood of Carpenters and Joiners of America (the "Union"). This matter arises

from arbitration awards against Integrated and the Francis A. Lee Company ("FALC") for unpaid contributions to the Funds, pursuant to a collective bargaining agreement with the Union. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

In the district court, plaintiffs sought confirmation of a November 1, 2011 arbitration award against Integrated, and, in an amended complaint, additionally sought to hold Integrated liable for an arbitration award against FALC, which was confirmed in an October 4, 2011 default judgment entered by Judge Swain. The district court granted summary judgment on both claims, ordering entry of (1) judgment against Integrated in the amount of $85,868.26, arising out of the arbitration award against Integrated, and (2) judgment against Integrated in the amount of $159,687.88, arising out of the arbitration award against FALC, on the theory that Integrated is the alter ego of FALC. On appeal, Integrated does not challenge the confirmation of the arbitration award against it, but argues that the district court erred in holding that it is the alter ego of FALC and therefore liable for the arbitration award against FALC.

"We review an order granting summary judgment *de novo*, drawing all factual inferences in favor of the non-moving party." *Kwong v. Bloomberg*, 723 F.3d 160, 164 (2d Cir. 2013) (internal quotation marks omitted). The movant must show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate

"[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering whether one company is the alter ego of another, this Court has held that the inquiry depends on "the totality of the facts." *United States v. Funds Held in the Name or for the Benefit of Wetterer*, 210 F.3d 96, 106 (2d Cir. 2000) (internal quotation mark omitted). The analysis "focuses on commonality of (i) management, (ii) business purpose, (iii) operations, (iv) equipment, (v) customers, and (vi) supervision and ownership." *N.Y. State Teamsters Conference Pens. & Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 649 (2d Cir. 2005) (internal quotation marks omitted). "The purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligation under the labor laws," consistent with "a general federal policy of piercing the corporate veil when necessary." *Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S.*, 629 F.3d 282, 288 (2d Cir. 2010) (internal quotation marks omitted). "[T]he test of alter ego status is flexible, allowing courts to weigh the circumstances of the individual case . . . ." *Id.* at 288 (alteration in original) (internal quotation marks omitted).

The district court found alter ego status on the basis of three primary factors: (1) commonalities between Integrated and FALC as parallel companies, (2) Integrated as the "disguised continuance" of FALC after FALC ceased operations, and

(3) "anti-union animus" on the part of Francis Lee, the owner of Integrated and FALC. The district court wrote: "[T]he Court finds FALC to be an alter ego of Integrated." App. at 286. It concluded that "[t]he Court finds that there is no genuine issue of material fact as to plaintiffs' second claim for relief -- because Integrated and FALC are alter egos." *Id.* at 288. We hold, however, that genuine issues of material fact existed as to whether Integrated and FALC were alter egos. The record contained evidence from which a reasonable factfinder could have found that plaintiffs had not met their burden of proving that Integrated was the alter ego of FALC.

While the record certainly contained evidence of a substantial overlap in management and operations, there was also evidence that the two companies were separate, independent entities. FALC was primarily in the steel business, while Integrated performed primarily concrete work (at least until FALC went out of business). The two companies had different telephone numbers, filed separate tax returns, maintained separate bank accounts, and "always kept their finances separate; funds were not shuffled between the companies." *Id.* at 219-20. Integrated employed three supervisors who were concrete specialists, as well as union lathers, masons, and carpenters. FALC, on the other hand, employed two supervisors who were steel installation specialists, as well as iron workers and engineers. Nor did Integrated and FALC share the same equipment. Integrated generally used earth moving machinery,

whereas FALC worked with cranes, welding machines, and generators. This equipment was rented and billed separately.

The district court held that Integrated became a "disguised continuance" of FALC after FALC ceased operations. *Id.* at 286; *see Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 748 (2d Cir. 1996) (per curiam) ("The focus of the alter ego doctrine . . . is on the existence of a disguised continuance or an attempt to avoid the obligations of a collective bargaining agreement through a sham transaction or technical change in operations." (internal quotation marks omitted)). It also found that Integrated and FALC exhibited anti-union animus. "[A]nti-union animus or an intent to evade union obligations . . . may be germane, or even a sufficient basis for imposing alter ego status," though it is not a necessary finding. *Goodman Piping Prods., Inc. v. NLRB*, 741 F.2d 10, 12 (2d Cir. 1984) (per curiam) (citation omitted) (internal quotation marks omitted). Integrated, however, very much disputed whether its actions were motivated by an anti-union animus or an intent to evade union obligations. The record was not so one-sided as to preclude a reasonable factfinder from holding in Integrated's favor. By finding animus, the district court prematurely resolved an important issue of fact against the party opposing summary judgment.

Accordingly, we **AFFIRM** the judgment of the district court to the extent that it confirmed the November 1, 2011 arbitration award against Integrated, and we

**VACATE** the judgment of the district court to the extent it was based on the finding

that Integrated was the alter ego of FALC, and we **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk